AO 91 (Rev. 12/93) Criminal Complaint

## THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL COMPLAINT |
| v. | CASE NUMBER: 08-45-M |
| BRYANT K. ERVIN, | |

I, the undersigned complainant, being duly sworn, state the following is true and correct to the best of my knowledge and belief. On or about  February 16, 2008  in the State and District of Delaware, Bryant K. Ervin did knowingly possess in and affecting interstate commerce, a firearm, after having been convicted on or about February 9, 1999, of a crime punishable by imprisonment for a term exceeding one year, in violation of Title       18       United States Code, Section(s)   922(g)(1) and 924(a)(2).

I further state that I am a(n)    Task Force Officer, ATF    and that this complaint is based on the following facts:
                                          Official Title

**See attached Affidavit.**

Continued on the attached sheet and made a part hereof:   Yes

_____
David C. Rosenblum
Task Force Officer
Bureau of Alcohol, Tobacco, Firearms and Explosives

Sworn to before me and subscribed in my presence,

17 Feb 2008                                           at Wilmington, DE.
Date                                                  City and State

Vernon A. Taylor                                      /s/ Vernon A. Taylor
Name of Judicial Officer                              Signature of Judicial Officer

## AFFIDAVIT OF PROBABLE CAUSE

Your affiant Detective David C. Rosenblum (Your Affiant) has been a Wilmington Police Officer for approximately 9 years and is currently assigned as a Task Force Officer (TFO) with the U.S. Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) whose duties include the investigation into firearms offenses committed in Wilmington, Delaware. During this Officer's employment as a law enforcement officer, Your Affiant has authored an excess of 400 felony arrests warrants for crimes related mainly to illegal narcotics and firearms. Prior to Your Affiant's current assignment, this Officer was assigned to the Wilmington Police Drug, Organized Crime, and Vice Division, Operation Safe Streets Task Force, where your affiant has conducted over an estimated 1000 investigations into illegal narcotics and or firearms investigations whereby, this Officer seized numerous weapons along with large amounts of narcotics and suspected drug proceeds. During Your Affiant's tenure as a law enforcement officer, Your Affiant has received over 296 days or 2388 hours of training from the DOJ, FBI, ATF, DEA, DSP, WPD, DOC, Royal Canadian Mounted Police, North East Counter Drug Training, Homeland Security, California Highway Patrol and other law enforcement agencies. Your Affiant has been qualified in Delaware Superior Court to provide expert testimony and has testified as an expert in approximately 15 felony drug trials. During the course of previous investigations, Your Affiant has had conversations with other federal agents and law enforcement officers with knowledge and or expertise in firearms offenses dealing with the interstate nexus of firearms.

1. Unless otherwise stated, the information in this affidavit is based upon Your Affiant's personal knowledge and conversations with other Wilmington Police Officers. Because this affidavit is for purposes of establishing probable cause, not all facts involved in this investigation are contained herein.

2. The events stated below occurred on or about February 16, 2008, at or about 1900 hours, in the City of Wilmington, State and District of Delaware, as stated to me by one or more Wilmington Police Officers with personal knowledge of the seizure of the below items.

3. Your affiant learned from a Wilmington Police Detective that on February 15, 2008, he received a State of Delaware Domestic Violence Protection from Abuse Order (PFA) issued in New Castle County Family Court directing the defendant, Bryant K. Ervin (dob 12/31/79) (hereinafter the "Defendant" or "Ervin"), to relinquish a "silver handgun" which the petitioner of the PFA (the "Petitioner") advised the authorizing magistrate was stored in her residence. The PFA states that the Petitioner pre-authorized a voluntary search of her residence for the above described weapon. Lastly, the investigating Detective advised that this investigation was initiated because the Ervin was alleged to be in possession of a firearm despite prohibition from possessing a firearm as a result of a felony conviction.

4. Your Affiant reviewed the Delaware Justice Information System Database (DELJIS) and verified the Defendant has a Felony Conviction of Possession of a Firearm During the Commission of a Felony in New Castle County Superior Court on or about February 9, 1999.

5. Wilmington Police Detectives obtained a signed written consent to search form from the Petitioner of the PFA to search for and seize the handgun alleged to be stored by the Defendant in the Petitioner's residence. The firearm, further described as a black and chrome Cobra model GA-32 semi-automatic .32 caliber firearm bearing serial number CPO26498 was seized by Wilmington Police.

6. The Defendant was interviewed and after verbally waiving his Miranda Warnings provided a videotaped statement to investigating detectives acknowledging possession of the weapon. The Defendant indicated that he was holding the firearm for someone else.

7. From my training and experience, and prior discussion with an ATF Agent who is expertly trained and experienced in determining the interstate nexus of firearms, Your Affiant knows that the above described weapon is a firearm as defined in 18 U.S.C., Chapter 44, Section 921(a)(3) and was not manufactured in Delaware, such that its possession in Delaware would have necessarily required that the firearm had crossed state and/or national lines prior to its possession in Delaware, and such that the possession of that firearm in Delaware affected interstate and/or foreign commerce.

Wherefore, based upon Your Affiant's training and experience, Your Affiant believes that there is probable cause to believe that the Defendant violated 18 U.S.C. §§ 922(g)(1) and 924(a)(2), by possessing in and affecting interstate commerce a firearm, after having previously been convicted of a crime punishable by imprisonment for a term exceeding one year, and respectfully requests that the Court issue a Criminal Complaint charging this offense.

_____
David C. Rosenblum
Task Force Officer
Bureau of Alcohol, Tobacco, Firearms, and Explosives

Sworn to and subscribed in my presence
this ___ day of February 2008

_____
Honorable Vernon Taylor
Magistrate Judge
Justice of the Peace Court 20