AO 472  (Rev. 12/03) Order of Detention Pending Trial

# UNITED STATES DISTRICT COURT

District of _____ DELAWARE _____

| UNITED STATES OF AMERICA | |
|---|---|
| V. | **ORDER OF DETENTION PENDING TRIAL** |
| BRYANT K. ERVIN, | Case Number: 08-45-M |
| *Defendant* | |

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

## Part I—Findings of Fact

- ☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a ☐ federal offense ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed - that is
  - ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
  - ☐ an offense for which the maximum sentence is life imprisonment or death.
  - ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____.*
  - ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.
- ☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
- ☐ (3) A period of not more than five years has elapsed since the ☐ date of conviction ☐ release of the defendant from imprisonment for the offense described in finding (1).
- ☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

- ☐ (1) There is probable cause to believe that the defendant has committed an offense
  - ☐ for which a maximum term of imprisonment of ten years or more is prescribed in _____.
  - ☐ under 18 U.S.C. § 924(c).
- ☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

- ☐ (1) There is a serious risk that the defendant will not appear.
- ☒ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

_____
_____
_____
_____
_____

## Part II—Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by ☒ clear and convincing evidence ☐ a preponderance of the evidence that

Based on the affidavit of probable cause, the report of the Probation Office, and other information provided to the Court during the preliminary and detention hearings, the Court finds clear and convincing evidence that no combination of conditions could reasonably assure the safety of the community between now and the time of the Defendant's trial.

The Court further finds, however, that the government has failed to establish by a preponderance of the evidence that there are no combination of conditions that could reasonably assure that the Defendant would appear for all Court events in this matter.

The Court has reached these conclusions based on the following findings and for the following reasons:

the nature and circumstances of the offense: the Defendant is accused of being a felon in possession of a firearm. An individual with whom he was residing advised law enforcement that the Defendant had a firearm in the residence. Pursuant to a search of the residence, a firearm (a black and chrome Cobra model GA-32 semi-automatic .32 caliber) was retrieved. Later, the Defendant gave a statement in which he admitted that he possessed the firearm, though he claimed he was holding it for someone else.

the weight of the evidence: is strong. In addition to the individual with whom the Defendant was residing stating that the Defendant possessed a firearm in the residence, the Defendant admitted that the firearm subsequently retrieved from the residence was possessed by him. There is no dispute that this firearm had previously traveled in interstate commerce or that the Defendant was convicted in 1999 in Superior Court for New Castle County of the felony offense of possession of a firearm during the commission of a felony.

AO 472 (Rev. 12/03) Order of Detention Pending Trial

the history and characteristics of the Defendant: the Defendant's criminal history is marked by the single felony conviction noted above, which apparently related to a carjacking. The remainder of the Defendant's adult convictions consist of driving-related offenses: 8 convictions between 2001 and 2006 for, among other things, following a motor vehicle too closely, three driving while suspended offenses, and a failure to report an accident; another charge of driving while suspended in 2007 remains pending. Also pending are charges relating to alleged domestic violence, including offensive touching and terroristic threatening. Relatedly, a protection from abuse order was issued against the Defendant in February 2008. The Court is concerned about all of the foregoing indications of the Defendant's violent history and/or potential for violence. On the other hand, the Defendant has long-term ties to the community, has some work history, has no outstanding warrants or capiases, and has the support of members of his family and community, who appeared at the detention hearing.

the nature and seriousness of the danger to the community that would be posed by the Defendant's release: as a felon in possession of a firearm – whose previous felony offense appears to have been violent, who has a demonstrated unwillingness to follow rules governing operation of motor vehicles, and who faces open charges of domestic violence – the Court believes the Defendant would pose a danger to the community if released.

## Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

| 2/21/2008 | _[signature]_ |
|---|---|
| Date | Signature of Judge |
| | Leonard P. Stark U.S. Magistrate |
| | Name and Title of Judge |

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 et seq.); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 et seq.); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).